|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| United States of America, | 2:17-cr-00121-JAD-PAL |
|---|---|
| Plaintiff | **Order Overruling Objection; Adopting Report and Recommendation; Denying Motion to Dismiss; and Granting Motion to Suppress** |
| v. | |
| Gilberto Cisneros, | [ECF Nos. 30, 43, 45] |
| Defendant | |

Defendant Gilberto Cisneros was weaving in and out of construction cones on his motorcycle when he was pulled over by a Las Vegas Metropolitan Police Officer.[1] The officer ordered Cisneros to step off his motorcycle and stand near the patrol car. He then patted Cisneros down for weapons and discovered a firearm in Cisneros's waistband.[2] The officer's bodycam did not record the entire encounter.[3] Cisneros was arrested and charged with being a felon in possession of a firearm.[4]

Cisneros challenges the patdown search as lacking reasonable suspicion, and he moves to suppress the gun, statements he made after the gun was found, and the DNA evidence collected from him after his arrest.[5] He also moves to dismiss for destruction of evidence based on the bodycam malfunction.[6] After an extensive evidentiary hearing, Magistrate Judge Peggy Leen

---

[1] ECF No. 43 at 7.

[2] *Id.*

[3] *Id.* at 8–9.

[4] ECF No. 13.

[5] ECF No. 30.

[6] *Id.*

recommends that I grant the motion to suppress and deny the dismissal motion.[7] The government objects to the suppression recommendation, arguing that the circumstances known to the officer justified the *Terry* frisk.[8] But no party objects to the recommendation to deny the motion to dismiss. After a de novo review of the suppression issue, I find that the patdown search was conducted without reasonable suspicion. So, I accept Magistrate Judge Leen's findings and recommendation, overrule the government's objection, deny the motion to dismiss, and grant the motion to suppress.

## Discussion

### A. Specific-objection standard

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[9] "[R]eview de novo means that the court should make an independent determination of the issues and should not give any special weight to the prior determination of the [magistrate judge]."[10] "Normally, the judge . . . will consider the record [that] has been developed before the magistrate and make [her] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate."[11] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[12]

### B. *Terry* frisk requirements and the exclusionary rule

"The Fourth Amendment guarantees 'the right of the people to be secure in their persons,

---

[7] ECF No. 43 at 24.

[8] ECF No. 45.

[9] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[10] *United States v. Radatz*, 447 U.S. 667, 690 (1980) (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967) (internal quotations and ellipses omitted)).

[11] *Id.* at 675.

[12] *Reyna-Tapia*, 328 F.3d at 1121–22.

houses, papers, and effects, against unreasonable searches and seizures.'"[13] In *Terry v. Ohio*, the Supreme Court held that a law-enforcement officer may briefly stop individuals for investigative purposes if the officer has a reasonable suspicion that the individual is engaged in criminal activity.[14] "[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[15] Determining whether the officer's "specific and articulable facts" constitute reasonable suspicion requires an objective, totality-of-circumstances evaluation.[16]

But a *Terry* stop does not automatically entitle the officer to perform a *Terry* frisk—a patdown—of the stopped individual.[17] An officer may only perform a *Terry* frisk if he "is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous."[18] The stop and the frisk are thus two independent intrusions into the individual's personal security, so the officer must have an independent, reasonable suspicion to justify each act. "A mere inchoate and unparticularized suspicion or hunch that a person is armed and dangerous does not establish reasonable suspicion, and circumstances suggesting only that a suspect would be dangerous *if* armed are insufficient. There must be adequate reason to believe the suspect *is* armed."[19] "Importantly, reasonable suspicion must be individualized: even in high crime areas, where the possibility that any given individual is armed is significant, *Terry* requires reasonable, individualized suspicion before a frisk for

---

[13] *Untied States v. Scott*, 705 F.3d 410, 416 (9th Cir. 2012) (quoting U.S. CONST. amend. IV) (brackets omitted).

[14] *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).

[15] *Id.* at 21.

[16] *Id.* at 21–22.

[17] *Id.* at 23.

[18] *Id.* at 24.

[19] *Thomas v. Dillard*, 818 F.3d 864, 876 (9th Cir. 2016) (internal quotations and citations omitted).

weapons can be conducted."[20]

Evidence obtained from an illegal *Terry* frisk must be suppressed under the exclusionary rule.[21] "[T]he exclusionary rule extends beyond evidence directly obtained in violation of the Fourth Amendment to the 'fruit of the poisonous tree.'"[22] So, "the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful seizure [or search] . . . ."[23]

**C.   The officer's *Terry* frisk was not supported by reasonable suspicion.**

The officer identified several factors that he felt justified patting down Cisneros:

1. Cisneros traveled a "pretty significant distance" before pulling over after he activated his lights and sirens, and the officer believed that Cisneros may have used that time to decide what to do or call for backup;[24]
2. The officer was alone during the stop;[25]
3. Cisneros was wearing a baggy shirt and pants on a hot day, and the officer believed that Cisneros did so to hide any bulges in his clothing caused by weapons;[26]
4. Cisneros was wearing a Mongols vest, which suggested that he is a member of the

---

[20] *Id.* at 877 (internal quotations and citations omitted).

[21] *See Wong Sun v. U.S.*, 371 U.S. 471, 484 (1963) ("evidence seized during an unlawful search [cannot] constitute proof against the victim of the search").

[22] *United States v. Johns*, 891 F.2d 243, 245 (9th Cir. 1989).

[23] *Murray v. United States*, 487 U.S. 533, 536–37 (1988).

[24] ECF No. 40 at 11:14–12:25; 15:14–17.

[25] *Id.* at 15:20–22.

[26] *Id.* at 15:23–25.

4

|   | Mongols outlaw motorcycle gang;[27] |
|---|---|
| 5. | There was an ongoing feud between two other motorcycle gangs—the Vagos and Hells Angels—that had resulted in violent encounters between those groups and law enforcement;[28] |
| 6. | The officer stopped Cisneros in a "hot spot" area for violent crime;[29] |
| 7. | He recognized the motorcycle—but not Cisneros—because it was outside an apartment that he searched two weeks earlier in which he found ammunition.[30] |

But none of these facts alone or in combination supports the reasonable suspicion that Cisneros was armed and dangerous during this routine traffic stop.

First, the officer approximated the "pretty significant distance" at only 150 feet, which does not seem "significant" to the undersigned.[31] Plus, over that 150 feet, Cisneros was not driving recklessly or trying to outrun the officer; he just didn't pull over immediately.[32]

Second, it is not unusual for a patrol officer to perform a traffic stop alone and without backup.[33] Regardless, the fact that the officer was alone did not suggest in any way that Cisneros—as opposed to any other target of a traffic stop by a lone officer—would be armed and dangerous.

Third, although Cisneros was wearing baggy clothes, the officer testified that he didn't

---

[27] *Id.* at 15:25–16:2.

[28] *Id.* at 16:8–16.

[29] *Id.* at 16:20–23.

[30] *Id.* at 29:13–16; 50:10–15.

[31] ECF No. 40 at 12:2–3.

[32] *Id.* at 13:1–12.

[33] *Id.* at 46:10–12.

see a bulge in Cisneros's clothing,[34] Cisneros was compliant and not aggressive,[35] and Cisneros kept his hands where the officer could see them.[36]

Fourth, the Mongols vest is insufficient to justify a *Terry* frisk because the Fourth Amendment requires more than a generalized suspicion. It requires a particularized suspicion that the individual is armed and dangerous, and simply wearing clothing associated with a motorcycle gang does not support that suspicion. Fifth, an ongoing feud between the members of the Vagos and Hells Angels motorcycle gangs is irrelevant to whether Cisneros—a purported Mongols member—was armed and dangerous.

Sixth, the fact that Cisneros was stopped in a crime "hot spot"—without other facts suggesting that Cisneros might be armed and dangerous—is too generalized to justify a *Terry* frisk.[37] And seventh, the officer had never seen Cisneros prior to the traffic stop; he only recognized the motorcycle from the two-weeks-earlier apartment search that was consensual[38] and non-violent.[39] Although the officer may have seen ammunition and magazines during that apartment search, that evidence does not suggest that Cisneros was armed and dangerous when he was pulled over for a traffic violation two weeks later. So, it appears from the record that the officer was not constitutionally justified in patting down Cisneros. I thus accept and adopt Magistrate Judge Leen's findings and recommendations, overrule the government's objections, and grant the motion to suppress. The gun discovered during the patdown search, and all evidence derived from his felon-in-possession arrest (his *Mirandized* statements and the DNA evidence) will be suppressed.

---

[34] *Id.* at 55:16–56:2.

[35] *Id.* at 43:21–22; 45:12–13; 45:14–22.

[36] *Id.* at 44:21–25.

[37] *See Thomas*, 818 F.3d at 877; *Maryland v. Buie*, 494 U.S. 325, 334 n.2 (1990).

[38] ECF No. 40 at 50:6–7.

[39] *Id.* at 50:8–9.

**D.  Cisneros's motion to dismiss is denied.**

Although I grant the motion to suppress, I deny the motion to dismiss. Magistrate Judge Leen found that Cisneros had not shown that the officer "acted in bad faith, or that the four to five minutes of the initial stop are materially exculpatory."[40]  "At most," she concludes, the officer's "failure to record the initial portion of the stop was negligence[,] which is not sufficient to constitute bad faith or warrant dismissal on due process grounds."[41] So she recommends that I deny the motion to dismiss.

Only the government objected to Magistrate Judge Leen's report and recommendation, and only to that portion pertaining to suppressing evidence obtained from the illegal *Terry* frisk. Cisneros does not object to Judge Leen's recommendation that his motion to dismiss for destruction of evidence be denied. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[42] Accordingly, having reviewed Magistrate Judge Leen's recommendation and the hearing transcript, I adopt her findings and conclusions and accept her recommendation to deny the motion to dismiss.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- The Report of Findings and Recommendation **[ECF No. 43] is ADOPTED** in its entirety;
- The government's Objections to it **[ECF No. 45] are OVERRULED**;
- The Motion to Dismiss or Alternatively to Suppress Evidence [ECF No. 30] is GRANTED in part and DENIED in part. The motion to dismiss is denied; but the motion to suppress is granted, and   Judge Leen's recommendation is **ACCEPTED and ADOPTED**, Cisneros's suppression motion **[ECF No. 30] is GRANTED**, and **the gun**

---

[40] ECF No. 43 at 16.

[41] *Id*.

[42] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

7

**discovered during the patdown search, and all evidence derived from Cisneros's felon-in-possession arrest (his *Mirandized* statements and the DNA evidence) are suppressed**;
- **The government has until March 6, 2018, to notify the court how it wishes to proceed in light of this order.**

DATED: February 20, 2018.

_____
U.S. District Judge Jennifer A. Dorsey